IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LINDA M. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-6319-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits. Plaintiff asserts disability beginning June 16, 2000, due to chronic depression, anxiety, fatigue and a wrist fracture. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) failing to determine all of plaintiff's severe impairments; (2) failing to determine the combined effects of all of plaintiff's severe impairments and the combined effects of severe and non-severe impairments; (3) failed to include all of plaintiff's limitations in the proposed residual functional capacity (RFC); (4) failing to assign appropriate weight to the treating physician; and (5) rejecting the testimony of witness Floriece Earls.

1. Non-Severe Impairments

The ALJ determined that plaintiff's severe impairments are fibromyalgia, osteoarthritis and sleep apnea. Tr. 14. The ALJ found that plaintiff does not have any severe mental impairments. Plaintiff contends that she also has a severe impairment resulting from depression.

At step two of the disability inquiry, the ALJ must consider the combined effect of all of the plaintiff's impairments on her ability to function, without regard to whether each alone was sufficiently severe. See 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991); Social Security Ruling 868 ("SSR 86-8"). See also SSR 85-28. Also, he is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity. SSR 88-13; 20 C.F.R. § 404.1529(d)(2)(effective 11/14/91) (adopting SSR 88-13). The step-two inquiry is a de minimis screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at

2297-98. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28).

The ALJ stated that:

> Paul Stolzfus, Psy.D, evaluated claimant in February 2002 and reported a diagnosis of a dysthymic disorder and assessed a global assessment of functioning score of 65, indicating the claimant's depression was only mild in nature. Dr. Stolzfus further reported that despite the claimant's complaints of memory deficits, she did not demonstrate any significant long-term or short-term memory difficulties. She was noted to be socially active on a very regular basis, engaged in a variety of projects, enjoyed her activities and was able to do her day-to-day responsibilities. Dr. Stolzfus opined the client's depression was well managed and did not cause any significant problems with memory or concentration....
>
> The medical reports reveal the claimant's dysthymic disorder is only mild and causes no restrictions in her activities of daily living, no difficulties in maintaining social functioning and only mild deficits maintaining concentration persistence or pace. Therefore, ... the claimant's dysthymic disorder [is] a non-severe impairment as it does not cause any significant vocationally relevant limitations.

Tr. 14-15.

Plaintiff essentially argues that a diagnosis of depression demonstrates severity. Plaintiff's recitation of the record fails to demonstrate that plaintiff's depression is severe and indeed plaintiff's treating physician, Dr. Ian G. Lowen-Thomas, M.D., stated that plaintiff's main diagnosis that affects her ability to work is fibromyalgia. Tr. 251. Dr. Lowen-Thomas found plaintiff's

3 - ORDER

difficulty with concentrating and staying on task resulted from fatigue and chronic pain. Tr. 251. While Dr. Lowen-Thomas did note a history of depression he did not note any clinical findings associated with it nor did he specifically not any limitations resulting from it. Tr. 251-52. The ALJ's finding that plaintiff's depression was non-severe is supported by substantial evidence and free of legal error.

2. Combined Effects of Impairments

Plaintiff argues that the ALJ failed to consider her severe impairments in combination. However, this argument depends on a finding that plaintiff's depression is a severe impairment. As noted above, the ALJ properly determined that plaintiff's depression is not a severe impairment.

Plaintiff also argues that the ALJ failed to consider all of her impairments severe and non-severe for purposes of determining whether she meets the requirements for a listed impairment at step three of the evaluation process. However, the record demonstrates that the ALJ did consider the impact of plaintiff's alleged depression both singly and in combination with her other impairments. Tr. 14-17.

3. RFC

Plaintiff contends that the ALJ failed to include all of plaintiff's limitations in the proposed RFC for purposes of determining plaintiff's ability to return to her past relevant work at step four of the evaluation process.

4 - ORDER

The ALJ determined that plaintiff retained the RFC to engage in light exertion, i.e., she is able to: lift ten pounds frequently and twenty pounds occasionally; sit for up to six hours in a workday; and stand and/or walk for fifteen to twenty minutes at a time for up to two hours in a workday. The ALJ found further limitations with respect to the need to alternate positions. Tr. 17. Plaintiff contends that the ALJ failed to provide limitations regarding pain and fatigue caused by fibromyalgia.

However, the ALJ did consider whether plaintiff's RFC is limited by her impairments and arrived at the ability to work at the light level of exertion. In effect, plaintiff contends that the ALJ failed to fully credit her testimony regarding the full extent of alleged limitations cased by pain.

Plaintiff testified to severe limitations such that she would miss work three days per week. In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the

5 - ORDER

impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff has produced some objective evidence of an impairment and the ALJ did not find that she was malingering. Tr. 16.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional

6 - ORDER

restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted the medical records consistently documented an active lifestyle such as visiting friends, eating out, shopping, fishing, hiking, frequently driving to the coast, and home remodeling projects. Tr. 16. The ALJ also noted inconsistencies in her analysis of her condition and the objective medical findings such as the conflict between her claims of a mental fog and the clinical findings of no problems with memory and concentration. Tr. 16. The ALJ appropriately determined that plaintiff's level of activity and medical record did not support the limitations asserted by plaintiff to the degree alleged.[1]

The ALJ's assessment appropriately accounted for the limitations supported by the record in assigning plaintiff an ability to engage in light work.

### 4. Treating Physician

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Lowen-Thomas. It does not appear that Dr. Lowen-Thomas opined that plaintiff is disabled from work nor that he opined as to

---

[1] Plaintiff argues that even if the ALJ is correct that plaintiff is not as limited as she alleges, that even if she were only one fourth as limited, she would be disabled. Plaintiff essentially asks this court to find that although plaintiff's allegations are not fully credible, the court should make its own assessment of credibility as somewhere between her allegations and the ALJ's findings. This is not an appropriate role for the court on administrative review of a social security claim.

7 - ORDER

specific limitations that would prevent work. Rather, he generally noted that plaintiff suffers daily pain and fatigue affecting her ability to be more active and staying on task or focused. Tr. 251-52. To the extent such an opinion precludes plaintiff from doing her past relevant work, the ALJ properly discredited the opinion.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

The ALJ noted that Dr. Lowen-Thomas' opinion was not fully supported by the medical record and substantially based on plaintiff's subjective complaints. The ALJ also found the opinion

contradicted by plaintiff's active lifestyle. Where an ALJ appropriately discounts plaintiff's subjective complaints, he is free to disregard a doctor's opinion which has been premised on those subjective complaints. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

5. Lay Witness

Plaintiff elicited testimony from witness Floriece Earls that plaintiff is forgetful and lacks stamina. Tr. 279-81. Earls also testified that she pushes plaintiff to be active. Tr. 282. The ALJ noted that Earls did observe substantial activity on the part of plaintiff such as tile work. The ALJ noted the medical evidence did not support any statement suggesting disability. To the extent the ALJ rejected this testimony, he appropriately gave reasons germane to her testimony.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this 17th day of October, 2005.

Michael R. Hogan
UNITED STATES DISTRICT JUDGE

9 - ORDER